STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
CUMBERLAND, ss.                                   DOCKET NO: AP-05-060

ESTATE OF ETHEL BARNETT,              *
                                      *
                Petitioner            *
                                      *
        v.                            *           **ORDER**
                                      *
                                      *
DEPARTMENT OF HEALTH AND              *
HUMAN SERVICES, and                   *
JOHN R. NICHOLS, COMMISSIONER,        *
                                      *
                Respondents           *

This case comes before the Court on the Estate of Ethel Barnett's (the "Estate") 80C appeal challenging a final administrative decision made by the Commissioner of the Department of Health & Human Services (the "Department") holding that certain personal care expenses paid to Ethel Barnett's daughter Amy Barnett were disallowed and assessing a penalty on the transfer of $57,346 between December 2003 and June 2004.

## FACTUAL BACKGROUND

Ethel Barnet, an elderly resident of the Springbrook Nursing Home, applied for MaineCare benefits on July 26, 2004.[1] The Department granted the application for care beginning December 2004, but denied the application for care prior to December 2004. The Department found that Ethel Barnett had

---

[1] Ethel Barnett suffered from Alzheimer's disease and Dimentia.

improperly transferred assets in the form of the performance of certain personal care services and a monthly gift.[2]

Amy Barnett, Ethel's daughter and power of attorney, executed a personal care agreement for Ethel by which Amy would provide personal services for Ethel in exchange for compensation while Ethel was in the nursing home. Amy received monthly payments for paying Ethel's bills; filing paperwork; shopping for supplies, medications, clothing, and holiday presents; and taking Ethel to her appointments with her doctor, dentist, and lawyer. During her visits to the nursing home, Amy was also compensated for assisting Ethel with meals, brushing her teeth, giving her manicures, trimming her hair, cleaning her hands and face, and bringing her sister for a visit. Amy kept a log to prove the existence of the personal care services she provided for her mother. The log indicates that Amy provided fourteen hours a week of services.

## DISCUSSION

The Estate contends that the Department erred in assessing a penalty for a number of the personal care services she provided. She argues that they were delivered in accordance with the personal care agreement and therefore should be honored. The Estate also disputes the method of calculation of the transfer penalty.

In reviewing an administrative agency decision, the Superior Court, in its intermediate appellate capacity, will uphold the decision unless the agency has abused its discretion, made an error of law, or its findings are not supported by substantial evidence in the record. *Town of Jay v. Androscoggin Energy, LLC*, 2003

---

[2] The Estate does not dispute that Ethel Barnett made a gift to Amy Barnett.

ME 64, ¶ 10, 822 A.2d 1114, 1117. As the party attempting to vacate the agency's decision, the Estate of Burnett bears the burden of persuasion. *Id.* The Court gives deference to an agency's interpretation of a statute it administers, but will not uphold the agency's interpretation "if the language and purpose of the statute and the agency's practice in a related case contradict it." *Id.* The language of a statute is given its plain, common sense meaning unless the statute reveals a contrary legislative intent. *Id.*

a.    Personal Care Services

Section 4120.01 of the Maine Medical Assistance Eligibility Manual provides that a transfer of fair market value from a MaineCare applicant to another incurs no penalty if the transfer is in the form of past support for basic necessities and if such support is measurable and verified.   10-144 CMR 332 § 4120.01 (Record Tab D-9).   Section 4120.01 further provides that relatives may provide past support or basic necessities, which include clothing, transportation, and personal care services only if these services were provided as part of a legally written enforceable agreement. (Record Tab D-3).

In the instant case, although the Department was concerned that the client's daughter agreed to pay herself for personal care services from her mother's funds, the Department allowed the transfer of compensation for bill paying, paperwork, shopping for necessities, and appointments without assessing a penalty.   However, the Department determined that the services charged for and provided by Amy that were the same services that were provided by the nursing home were impermissible transfers that incurred a

3

penalty, namely assistance with meals, personal hygiene, and visitation. The Department held that these services were not measurable or verifiable.[3]

The Court agrees with the Department in that the payment for personal hygiene services, which are provided by the nursing home, are not measurable. These services, along with visitation, do not fall within the definition of support for basic necessities for which a fair market value can be assessed. Rather, they are the services that any daughter would provide for her ailing mother without charge.[4] Moreover, the record lacks other sources to verify that these services occurred. The only evidence of these personal services is in Amy's log and her employer indicating that she left work to go visit her mother.

If the Court were to sanction personal services such as these in this context, it would essentially be allowing all MaineCare applicants to empty their bank accounts into the accounts of their children under the guise of providing service. This scheme ultimately forces the taxpayers of the State of Maine to cover the costs of caring for ineligible recipients. The Court is not willing to read the Medical Assistance Eligibility Manual so liberally. The rules set out in the Manual are meant to prevent MaineCare applicants from distributing their money to family and friends in order to qualify prematurely for MaineCare. This decision is in line with this purpose.

b.      Transfer Penalty

---

[3] The testimony of the State's long term care specialist Donna Beal indicates that she reviewed each itemized personal care service noted in Amy's log to determine whether the service was measurable and verifiable.

[4] Donna Beal testified that it was extremely rare for a relative to charge for such services, especially visitation of a parent. (Record, Tab B, p. 6, lines 8-9).

It is undisputed that Amy returned $3,100 in August 2004 and $5,085 to the Department in October 2004. The Estate contends that as a result of this refund, the Department should have shortened the penalty period and allowed eligibility in October 2004. In response, the Department contends that it subtracted these amounts from the remaining penalty and applied them to the December 2004 and January 2005 penalties. The Department then concluded that the sum of Amy's refund eliminated the December 2004 and January 2005 penalties.

Section 4120.01 of the Eligibility Manual regarding Exempt Transfers provides:

> The following may be transferred without penalty
>
> VI. Assets transferred for less than fair market value once all the assets have been returned to the individual. There is no penalty as of the month in which all the assets are returned to the individual. When only part of an asset or its equivalent value is returned a penalty period can be modified but not eliminated. A penalty remains in effect for the past time period during which the asset had been transferred.

The Department assessed a transfer penalty of $57,346 between December 2003 and June 2004.[5] Amy returned $3,100 in August and $5,085 in October. The return of the money in these months operated to eliminate the December and January penalties, which made Ethel eligible for MaineCare beginning in December 2004. The Department simply applied the refund to shorten the penalty period. The Court sees no error of law or abuse of discretion in this calculation.

The entry is:

The Estate of Ethel Barnett's 80C appeal is DENIED.

---

[5] The monthly penalty was assessed at approximately $8,000.

DATE: _May 23, 2006_

_____
Roland A. Cole
Justice, Superior Court

Date Filed **SEPT. 1 2005**    **CUMBERLAND**    Docket No. **AP-05-60**
County

Action    **80C APPEAL**

ESTATE OF ETHEL BARNETT

JOHN R. NICHOLAS,
COMMISSIONER
DEPARTMENT OF HEALTH & SERVICES

vs.

| Plaintiff's Attorney | Defendant's Attorney |
| --- | --- |
| MARY C TOOLE ESQ<br>178 MIDDLE STREET, SUITE 402<br>PORTLAND MAINE 04101<br>(207)879-6054 | CHRISTOPHER L MANN AAG (NICHOLAS)<br>6 STATE HOUSE STATION<br>AUGUSTA MAINE 04333-0006<br>(207)626-8509<br>SALLY DEMARTINI, AAG(DEPT. OF H & HS)<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006<br>626-8800 |